IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NATHANIEL CAULEY**                                                                     **PLAINTIFF**

**V.**                           **CIVIL ACTION NO. 1:10-CV-26-KS-MTP**

**SABIC INNOVATIVE PLASTICS, U.S., L.L.C., et al.**      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion for Sanctions [147].

### I. BACKGROUND

Plaintiff filed his Second Amended Complaint on September 16, 2010 [40]. Therein, Plaintiff asserted product liability claims against Sunset Fabrication, Inc. ("Sunset") and two other Defendants relating to an allegedly defective plastic step cover. The Court issued a summons as to Sunset on September 20, 2010 [43], and the summons was served on Blaine Shisler, Sunset's president, on October 11, 2010 [72].

On October 25, 2010, the Court received a letter [63] from Shisler. Therein, he represented that he never designed any of the parts he manufactured. Rather, he stated that he worked from designs provided by his customers. Accordingly, he claimed that Defendant Piedmont Plastics, Inc. sent him a part which he duplicated. He stated that the last time he had sold the particular part to Piedmont was prior to August 12, 2005. However, Piedmont allegedly sought an estimate from him six times in 2006 and six times in 2007, leading him to believe that Piedmont obtained the parts from another supplier.

On December 1, 2010, Plaintiff filed a Third Amended Complaint [83], which asserted an alternative liability theory. Therein, Plaintiff alleged that either Sabic or Piedmont supplied the step cover in question to Northrop Grumman. Plaintiff further alleged that if Piedmont supplied it, it was manufactured and/or fabricated by Sunset.

On April 20, 2011, the Court entered an Order [99] granting Plaintiff's motion to amend the scheduling order. The Court observed that Sunset remained unrepresented, and that corporations may not appear in federal courts unless they are represented by licensed counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Accordingly, the Court ordered Sunset to obtain counsel prior to a case management conference on June 6, 2011. The Court specifically advised Sunset that failure to obtain counsel prior to the conference may result in an adverse effect on its rights, including, but not limited to, the entry of a default judgment.

On May 9, 2011, Shisler sent a letter to the Court [105], acknowledging receipt of the Order. He represented that he had spoken with an attorney who told him that the representation would cost $20,000.00 or more, but Shisler claimed that Sunset was not worth that much, citing various factors which have affected the company's finances in recent years. Accordingly, Shisler failed to obtain counsel for Sunset before the June 6, 2011, case management conference as ordered in the Court's Order of April 20, 2011.

On December 15, 2011, Plaintiff filed a Motion for Sanctions [147], requesting that the Court strike Sunset's Answer [63] and enter a default judgment against it as sanctions for its failure to comply with the Court's order to obtain counsel.

2

On January 23, 2012, the Court entered a Memorandum Opinion and Order granting the Motion for Summary Judgment [148] filed by Sabic and joined [150] by Piedmont. *Cauley v. Sabic Innovative Plastics, U.S., L.L.C.*, No. 1:10-CV-26-KS-MTP, 2012 U.S. LEXIS 7047 (S.D. Miss. Jan. 23, 2012). The Court held that Plaintiff had failed to present any evidence that the step cover which allegedly caused his injury was ever within the control of Sabic or Piedmont. *Id.* at *8. The Court further held 1) that Plaintiff had not presented any evidence of a "feasible design alternative, as required by the MPLA;[1] 2) that Plaintiff had not presented any evidence that the step cover which caused his injury deviated from the manufacturer's specifications or from other units manufactured according to the same specifications;[2] 3) that Plaintiff had not presented any evidence that the step cover's lack of a warning caused his injury, or that an alternate warning would have caused him to alter his behavior and avoid injury;[3] 4) that Plaintiff had not presented any evidence that Defendants made an express representation to him about the step cover, or that he relied on such information;[4] and 5) that Plaintiff had not presented any evidence that he provided notice to the seller of the step cover, providing an opportunity to cure any breach of implied warranties.[5] Accordingly, the Court granted summary judgment in favor of

---

[1] *Id.* at *9.

[2] *Id.* at *10.

[3] *Id.* at *12.

[4] *Id.* at *13.

[5] *Id.* at *14.

Sabic and Piedmont. *Id.* The Court explicitly noted, however, that the opinion and order did not apply to Sunset, as it was not a party to the underlying motion. *Id.*

On February 13, 2012, the Court ordered [160] Plaintiff to provide a memorandum of authorities in support of his Motion for Sanctions against Sunset, and to certify on the record that he had served Shisler with a copy of the motion and memorandum.

On February 20, 2012, Plaintiff filed his memorandum of authorities in support of the Motion for Sanctions [160] and certified that he had mailed a copy of the brief and underlying motion to Shisler. Accordingly, the Court set a deadline of March 8, 2012, for Sunset to file a response to the Motion for Sanctions and instructed the Clerk to mail a copy of the order to Shisler at the address noted on the docket [163].

On March 6, 2012, Sunset – now represented by counsel – filed an Answer to Plaintiff's Third Amended Complaint [164]. Two days later, Sunset filed a response [166] to Plaintiff's Motion for Sanctions, and on March 13, 2012, Sunset filed a supplement to the response [168]. Plaintiff did not file a rebuttal. Therefore, the Motion for Sanctions is ripe for review.

## II. DISCUSSION

Plaintiff argues that the Court should strike Sunset's purported Answer to the Second Amended Complaint and enter a default judgment against Sunset as sanctions for its failure to comply with the Court's Order of April 20, 2011. This Court possesses the inherent power to control its docket and the parties before it. *Smith v. Legg*, 24 F.3d 650, 654 (5th Cir. 1994); *see also McGrady v. D'Andrea Electric, Inc.*, 434 F.2d

1000, 1001 (5th Cir. 1970). Striking a party's pleading as a sanction for its failure to obey court orders is within that power. *Smith*, 24 F.3d at 654. However, such sanctions may only be levied against parties who have exhibited "bad faith or willful abuse of the judicial process." *Id.*

The facts of the present case do not demonstrate any "bad faith or willful abuse of the judicial process" on Sunset's part. *Id.* Sunset claims – and Plaintiff has not disputed – that it was financially unable to retain counsel. Indeed, Shisler asserted as much in his letter of May 9, 2011. While the Court strongly discourages parties from approaching litigation in the lackadaisical manner displayed by Sunset, mere indolence does not constitute "bad faith or willful abuse of the judicial process" – at least not the first time. *Id.* Accordingly, the Court denies Plaintiff's Motion for Sanctions [147].

### III. CONCLUSION

For the reasons stated above, the Court **denies** Plaintiff's Motion for Sanctions [147]. The Court declines to consider any additional requests for relief made in Sunset's response [166, 168] to Plaintiff's motion, as the Local Rules expressly provide that any "written communication that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed" by the Local Rules. L.U.Civ.R. 7(b).

Additionally, the Court warns Defendant Sunset Fabrication, Inc. that it will not tolerate further disregard for the Court's orders and procedural rules. Further non-compliance with the Court's orders may be interpreted as willful abuse of the judicial process and result in the entry of a default judgment. A pretrial conference is

scheduled for April 12, 2012, at 9:30 a.m. in Hattiesburg, Mississippi. The Court expects all remaining parties and their counsel to attend and fully comply with the requirements of the Court's Notice of Pretrial Conferences [171] and the Local Rules, as applicable.

    SO ORDERED AND ADJUDGED this 27th day of March, 2012.

    *s/Keith Starrett*
    UNITED STATES DISTRICT JUDGE